This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO, ex rel. CHILDREN, YOUTH & FAMILIES DEPARTMENT,**
**Petitioner-Appellee,**
**v.**
**JUAN R.,**
**Respondent-Appellant**
**and**
**IN THE MATTER OF JACOB R.,**
**Child.**

Docket No. A-1-CA-37933
COURT OF APPEALS OF NEW MEXICO
May 20, 2019

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY, Lee A. Kirksey, District Judge

### COUNSEL

Children, Youth & Families Department, Rebecca J. Liggett, Chief Children's Court Attorney, Santa Fe, NM, Kelly P. O'Neill, Children's Court Attorney, Albuquerque, NM for Appellee

The Law Offices of Nancy L. Simmons, P.C., Nancy L. Simmons, Albuquerque, NM for Appellant

Laura K. Castillo, Hobbs, NM, Guardian Ad Litem for Child.

### JUDGES

M. MONICA ZAMORA, Chief Judge. WE CONCUR: LINDA M. VANZI, Judge, JULIE J. VARGAS, Judge

**AUTHOR:** M. MONICA ZAMORA

### MEMORANDUM OPINION

**M. ZAMORA, Chief Judge.**

**{1}** Respondent appeals from a district court judgment terminating his parental rights to his young child. We issued a calendar notice proposing to affirm. Respondent has responded with a memorandum opinion. We affirm.

**{2}** Respondent Juan R. continues to challenge the sufficiency of the evidence to support the termination of his parental rights to Jacob R. (Child). [MIO 1] In reviewing the termination of Respondent's parental rights, "[w]e must determine whether substantial evidence supports the trial court's decision." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 21, 132 N.M. 299, 47 P.3d 859. "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Id.* ¶ 22 (internal quotation marks and citation omitted). "Our role is to determine whether the fact[-]finder could properly conclude that the proof requirement below was met." *Id.* In doing so, we do not reweigh the evidence or substitute our judgment for that of the district court on factual matters or on matters of credibility; rather, we view the evidence in the light most favorable to the district court's judgment in determining whether the State has met the clear and convincing standard. *See State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{3}** In considering a neglect basis for termination, the district court determines whether the State proved by clear and convincing evidence that the parent has not adjusted and will not in the foreseeable future cure the conditions that disable him or her from properly caring for the child, despite reasonable efforts from the State toward reunification of the family. *See State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 13, 133 N.M. 827, 70 P.3d 1266; *see also* NMSA 1978, § 32A-4-28(B)(2) (2005). The district court's decision to terminate parental rights focuses primarily upon " 'the physical, mental and emotional welfare and needs of the children, including the likelihood of the children being adopted.' " *Vanessa C.*, 2000-NMCA-025, ¶ 24 (alteration omitted) (quoting § 32A-4-28(A)).

**{4}** Here, Defendant continues to argue that Children, Youth and Families Department (CYFD) did not take enough time to address his drug addiction and parenting skills. [MIO 5] We conclude that the record and the district court's findings of fact and conclusions of law indicate that CYFD presented sufficient evidence that the underlying conditions of neglect would not change in the foreseeable future, despite its reasonable efforts. [RP 160] Specifically, Child was born on October 25, 2017, and was nine months old at the time of the termination hearing. [RP 161] Both Respondent and Mother used heroin while Mother was pregnant, and Child tested positive for benzos and opiods at birth. [RP 162] Child remained in intensive care until December 30, 2017, and CYFD obtained custody in the interim. [RP 6, 162] Respondent missed scheduled visits during this time. [RP 162] An abuse and neglect determination was entered [RP 68], and a treatment plan was established. [RP 163] Respondent was instructed to get a psychological evaluation, participate in drug testing, and attend individual counseling and parenting classes; he did none of these. [RP 163] Respondent informed CYFD that because of work he did not have time to participate in urinalysis testing or to visit Child. [RP 163] Respondent was ordered to cooperate with CYFD so that his work schedule

did not conflict with his treatment obligations. [RP 113] Despite testifying that he had control over his work schedule, Respondent made no efforts to comply with this earlier order. [RP 165] The termination hearing was in July, and Respondent had not visited Child since February or March. [RP 163] Although Respondent testified that he did not participate in most of this treatment, he claimed CYFD did not tell him where to go; he also claimed that he participated in half the parenting plan, although he provided no proof. [RP 164-65] The district court, sitting as fact-finder, could reject this testimony. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). Finally, we note that there is a prospective adoption. [RP 165]

**{5}**     Given Respondent's lack of participation, we believe that there were sufficient grounds to conclude that the causes and conditions of the underlying abuse and neglect would be cured in the foreseeable future. *See In re Termination of Parental Rights of Reuben & Elizabeth O.*, 1986-NMCA-031, ¶ 30, 104 N.M. 644, 725 P.2d 844 (interpreting the term "foreseeable future" to refer to corrective change within a "reasonably definite time or within the near future").

**{6}**     For the reasons set forth above, we affirm.

**{7}     IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**